UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIAN AUDLER                                                            CIVIL ACTION

VERSUS                                                                   NO: 07-8619

STATE FARM FIRE AND CASUALTY COMPANY          SECTION "C" (3)


ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand. Rec. Doc. 13. No Opposition was filed and the Court has been advised that Defendant has no Opposition. The matter came for hearing without oral argument on June 11, 2008, and was submitted on the briefs. The Court having reviewed the record and applicable law, is fully advised in the premises and ready to rule.

I.    BACKGROUND

Plaintiff originally filed this action in the Louisiana Thirty-Fourth Judicial District Court, Parish of St. Bernard, against State Farm alleging it failed to pay and properly adjust his claim following Hurricane Katrina. Plaintiff sought damages as well as statutory penalties and attorneys' fees. Plaintiff's state court Petition for Damages provided "[t]he plaintiff stipulates that the total loss is under $75,000, including attorneys' fees, penalties, and interest." *See* Exhibit "A" attached to Rec. Doc. 1 at p. 2.

State Farm timely removed the matter to this Court despite Plaintiff's stipulation in his Petition that he was not seeking damages in excess of $75,000. State Farm's notice of removal asserts that Plaintiff "...has refused to execute a Stipulation and Irrevocable Renunciation of Right to Enforce Judgment to that effect." Rec. Doc. 1 at p.3. State Farm's removal notice provides that the facts and the Petition support a finding that the amount in controversy "likely" exceeds $75,000 because the coverage limits on the policy exceed $78,611.00 and State Farm paid $3009.17 at the

time of removal, leaving $75, 601.83 in dispute.  Further, State Farm contends that by including Plaintiffs' claims for penalties and attorneys' fees, the jurisdictional amount for federal jurisdiction was met.  State Farm's notice of removal also submits that the Court has jurisdiction pursuant to 28 U.S.C. § 1369.

A Motion to Remand was not filed within the thirty-day period designated by 28 U.S.C. § 1447.  However, pursuant to this Court's standing order in Hurricane Katrina cases, the parties were asked to brief the issue and submit such memorandum to the Court by May 21, 2008.  On May 15, 2008, Plaintiff responded to the Court's order by filing a Motion to Remand.  Attached to the Motion is Plaintiff's stipulation attesting that the "total damages sought... in this cause of action does not exceed $75,000, including all penalties and attorneys' fees, but exclusive of interest and costs." Exhibit "A" attached to Rec. Doc. 13.  Plaintiff and his counsel also state that they "... waive, relinquish, and/or renounce entitlement to any damages, including penalties and attorney's fees, but exclusive of interests and costs, in excess of $75,000, and further [] renounce [their] rights to enforce any judgment...to the extent...the judgment is for an amount in excess of $75,000, including penalties and attorney's fees, but exclusive of interests and costs...." Exhibit "A" attached to Rec. Doc. 13.

## II.   LAW AND ANALYSIS

28 U.S. C. § 1447 ( c) provides that a Motion to Remand "must be made within 30 days after the filing of the notice removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction the case shall be remanded." Accordingly, while Plaintiff's Motion to Remand is not timely, the Court must still determine whether it has jurisdiction and if not, must remand the case to state court.

Parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc*., 193 F.3d 848 (5th Cir.1999). Accordingly, the Court must review the matter to determine whether federal jurisdiction exists.

Bare assertions by the removing party are insufficient to vest a federal court with jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombisv. Dow Quimica De Colombia*, S.A., 988 F.2d 559 (5th Cir.1993), cert. denied, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994). The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal is proper. *Howery v. Allstate Ins. Co.,* 243 F. 3d 912, 916 (5th Cir. 2001). The removal statute is strictly construed in favor of remand and any ambiguities should be construed against removal. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 U.S. 720, 723 (5th Cir. 2002).

Typically, when a plaintiff alleges a damage figure in excess of the required amount in controversy, that amount controls if made in good faith. *Valobra v. State Farm Fire & Casualty Co.*, No. CIV.A.06-3278, 2006 WL 2710461, at *1 (E.D. La. 2006) *citing St. Paul Mercury Idem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938). Similarly, if a plaintiff pleads damages less than the jurisdictional amount, this figure will also control, generally barring removal . *Id.; See also Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Louisiana law does not permit a plaintiff to plead a specific amount of money damages. *See Atkins v. Lexington Insurance Co.*, No. CIV.A.06-1254, 2006 WL 1968895, at *2 (E.D. La. 2006). Therefore, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id. citing Simon*, 193 F.3d at 850. A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional

3

amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Id. citing Allen*, 63 F.3d at 1335. In those instances where the requisite jurisdictional amount is ambiguous or uncertain at the time of removal, post-removal affidavits sometimes can be relevant. *Asociacion Nacional De Pescadores,* 988 F.2d at 565.

Removal jurisdiction is strictly construed. *See e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc*., 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil, § 3721.* When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, § 3739.

State Farm has filed no response to Plaintiff's Motion and has advised the Court it has no Opposition. Nevertheless, after reviewing the notice of removal and the exhibits attached thereto, it is clear that at the time this action was removed it was not facially apparent that the amount in controversy was satisfied. Plaintiff's state court Petition for Damages clearly states that he is not seeking damages, including attorneys' fees, penalties and interest, in excess of $75,000, and thus, it is facially apparent from the Petition for Damages that the amount in controversy is not met.

Accordingly,

**IT IS ORDERED** that this matter is **REMANDED** to the Thirty-Fourth Judicial District Court, Parish of St. Bernard, for lack of jurisdiction pursuant to 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 25th day of June, 2008.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**